IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

FILED

11:25 am, 9/16/11

Tim J. Ellis
Clerk of Court

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| BBB ACQUISITION, LLC, | ) | Case No.  10-21002 |
| | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

## OPINION ON THE UNITED STATES TRUSTEE'S AND DILLARD FAMILY TRUST'S MOTIONS TO CONVERT TO A CHAPTER 7 CASE

On June 1, 2011, this matter came before the court for an Evidentiary hearing on the Dillard Family Trust's ("Dillard Trust") Motion to Convert Case to Chapter 7, the BBB Acquisition, LLC's ("Debtor") objection, the objection filed by Fifth Third Bank ("Bank"), and the joinder in the objections filed by Mercer Reynolds ("Reynolds") and Linger Longer West ("LLW").  Upon the motion by the Dillard Trust and no objections by any of the parties, the court combined the evidentiary hearing with the United States Trustee's ("UST") Motion to Convert this Chapter 11 Case to a Chapter 7 Case, the Debtor's objection, the objection filed the Bank and the joinder in objections filed by Reynolds and LLW.  The parties were represented as stated on the record. The court having reviewed the file, testimony and evidence is prepared to rule.

**Jurisdiction**

This court has jurisdiction under 11 U.S.C. § 1334.[1]  This is a core proceeding pursuant to 28 U.S.C. §157(b).  These motions are brought under § 1112 and related case law.

---

[1] Unless otherwise indicated, all future statutory references are to the Bankruptcy Code, Title 11 of the United States Code.

**Facts**

The circumstances that brought the Debtor into bankruptcy are well known to the court. Briefly, the Debtor and the Dillard Trust entered into an contract, whereas, the Dillard Trust purchased real property in Teton County from the Debtor. The contract contained an option that required the Debtor to re-purchase the property from the Dillard Trust. The Dillard Trust invoked the option. The Debtor alleged that it did not have to re-purchase the property. The parties litigated their claims in the United States Federal District Court for the District of Wyoming ("District Court"). The District Court found for the Dillard Trust and ordered specific performance which required the Debtor to re-purchase the real property. Not able to perform per the District Court judgment, combined with other circumstances, the Debtor filed for bankruptcy protection. After relief from stay was granted, by agreement between the parties, both have appealed the District Court's judgment to the Tenth Circuit Court of Appeals.

Mr. James M. Reynolds ("Reynolds") testified that the Debtor develops "high end" real estate parcels for sale in Teton County. Mr. Reynolds has an ownership interest in the Debtor and is also the project manager. As project manager, Reynolds has been the "point person" for the development of the parcels, including creation and implementation of the development plan, marketing through the Sothebys agency; pricing, getting letters of interests, closing on the sale of properties, supervising subcontractors, and negotiating and complying with the Teton County zoning commission. Mr. Reynold's testified about

the complexity of selling these parcels and the extensive time that is required to close on a sale. Mr. Reynolds also testified that although there have been no offers on any parcels since the summer of 2007 due to the economy, there has been interest in parcels owned by LLW.[2] Mr. Reynolds and Mr. David Spackman ("Spackman")[3] each testified that the conversion of the case to a Chapter 7 would have a detrimental effect on the prices of the parcels currently offered for sale. Mr. Spackman testified that, based upon his experience as a realtor, if the case was convert to a chapter 7, current potential buyers would be inclined to delay or terminate a purchase and the properties would sell at "much reduced prices."

Mr. Reynolds testified regarding the Debtor's current financial status. He testified that LLW owes money to the Debtor based upon a promissory note and those funds are being used to fund the estate's expenses, while the Debtor markets the parcels. Mr. Reynolds described the errors in paying estate bills and the steps taken to correct those errors.

**Discussion**

Both the Dillard Trust and the UST allege that the Debtor's Chapter 11 bankruptcy case should be converted to a Chapter 7 case, relying on § 1112(b). Specifically, the UST alleges that cause exists under § 1112 (B)(4)(A) and (B) for the case to be converted. Additionally, the Dillard Trust alleges the Debtor's filing of its petition, administration of

---

[2] LLW is an affiliated entity to the Debtor.

[3] David Spackman is an Associated Broker of Sotheby's International Realty, having been retained to sell the real property.

Page 3

its case and the proposed plan violates the Bankruptcy Code's good faith requirement and constitutes additional grounds for conversion.

The court shall convert a chapter 11 case to a chapter 7 case, absent unusual circumstances specifically identified by the court that establish that the requested conversion is not in the best interest of creditors and the estate, if the movant establishes cause.[4] Cause includes "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;"[5] and, "gross mismanagement of the estate."[6] The Dillard Trust alleges that cause also exists to convert the case based upon the Debtor's lack of good faith in filing its Chapter 11 petition, administration of its case and the contents of the proposed Chapter 11 Plan.

1. <u>§1112 (B)(4)(A) conversion based upon substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation.</u>

The court's review of the docket, financial statements, testimony and evidence shows that the Debtor is using its asset of the promissory note with LLW as the source of funding for the estate during the pendency of this bankruptcy case. This is a diminution of the estate. This asset is being depleted. The Debtor had a plan pending at the time of this hearing, which was subsequently withdrawn. However, the court finds that the

---

[4] § 1112(b)(1).

[5] § 1112 (b)(4)(A).

[6] §1112(b)(4)(B).

Page 4

unusual circumstances exception applies and conversion should not be granted on these grounds. The Debtor is marketing "high end" parcels in Teton County. The sale of these parcels is complex and complicated by the requirements necessary to sell the property and the economy. The overall benefit to the estate and creditors is best served by not converting this case to a Chapter 7 case at this time.

2. §1112 (B)(4)(B) conversion based upon gross mismanagement of the estate.

The Debtor, through the testimony of Mr. Reynolds, admitted that mistakes were made in paying bills. These mistakes were corrected. The court finds that Mr. Reynolds' testimony indicates, that during a difficult time, all efforts are being made to properly administer the estate and market the estate's assets.

3. Conversion based upon Debtor's lack of good faith in filing its petition, administration of the estate and the proposed plan

The relationship between the Debtor and the Dillard Trust has been and continues to be, contentious. The Dillard Trust alleges that the Debtor filed for bankruptcy protection to halt its efforts to execute on the judgment entered in the District Court. However, the court finds that there appears to be other circumstances, when taken in its totality, that also contributed to the Debtor filing for bankruptcy protection including, the economy and the Debtor's loss of its line of credit. The court does not find that the Debtor's filing for bankruptcy protection shows a lack of good faith.

As stated previously, the Debtor subsequently withdrew the plan pending at the time of this hearing. Since that time the court has entered orders that allow for other

parties to file proposed plans.

Considering the best interests of the Debtor and the creditors, including the Dillard Trust, the court finds that conversion is not in their best interests at this time. Therefore, the UST's and Dillard Trust's motions to convert the Chapter 11 case to a Chapter 7 shall be denied without prejudice.

This opinion constitutes the Court's findings of fact and conclusions of law. Separate orders shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this 16 day of September, 2011.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
    Brent Cohen
    James Belcher
    John Patton
    Alan Statman
    John Smiley
    Daniel Morse